UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY WELLS,<br><br>                    Plaintiff,<br><br>        v.<br><br>NANCY HENDERSON, XANDIS C. PHILLIPS,<br><br>                    Defendants. | Case No. C13-1905-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

In this 42 U.S.C. § 1983 action, pro se plaintiff Bobby Wells, a state prisoner at the Department of Corrections (DOC) Reynolds Work Release in Seattle, Washington, contends that his constitutional rights are being violated because his programming and classification are conditioned upon periodic polygraph examinations. Dkt. 1. In his original complaint, Mr. Wells claimed that the polygraph requirement violates his Fourth Amendment right against unlawful searches and seizures and his Fourteenth Amendment right to equal protection. *Id.* The Court declined to serve the complaint because the allegations did not constitute constitutional violations giving rise to a 42 U.S.C. § 1983 action. Mr. Wells was directed to show cause why his complaint should not be dismissed. Dkt. 10. In response, Mr. Wells filed an amended complaint, in which he now contends that the polygraph requirement violates his Fifth Amendment right against self-incrimination. Dkt. 12.

The Court recommends that the amended complaint be dismissed without further leave to amend because Mr. Wells' claim is not cognizable under 42 U.S.C. 1983.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. Wells claims that because he can be asked about criminal activities and he has no right to have an attorney present, he is without Fifth Amendment protection when he is required to submit to polygraph testing at the Reynolds Work Release. In addition, he alleges that his refusal to submit to polygraph testing could result in his arrest, loss of community employment, and disciplinary sanctions. Dkt. 12, p. 4.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. However, Mr. Wells has not cited, and the Court has not found, any authority for the proposition that polygraph examinations as a condition of supervised release violate an individual's Fifth Amendment privilege against self-incrimination. To the contrary, in *McKune v. Lile*, 536 U.S. 24, 32 (2002), the United States Supreme Court held that a Kansas state program in which sex offenders were required to detail all prior sexual activities (regardless of whether such activities constituted uncharged criminal offenses) and submit to a polygraph examination about the prior sexual activities, was constitutional and did not violate the Fifth Amendment privilege against self-incrimination. *See McKune*, 536 U.S. at 4. In *McKune*, the inmate's refusal to participate in the program would result in automatic termination of privileges such as visitation rights, earnings, work opportunities, ability to send money to family, canteen expenditures, and access to a personal television. The inmate would also be transferred to a maximum-security unit, where his movement would be more limited, he would be moved from a two-person to a four-person cell, and he would be in a potentially more dangerous environment. *Id*. at 31. Notwithstanding these penalties for refusing to participate in the program, the Supreme Court held that the state program was constitutional and did not violate the Fifth Amendment.

Mr. Wells claims that he will be asked questions that may illicit information that could lead to his arrest. In *McKune*, it was undisputed that the extensive information provided by the inmates could be used by the state for future prosecutions. *Id*. at 34 ("Kansas does not offer legal immunity from prosecution based on any statements made in the course of the [program]"). However, in Washington, results from polygraph examinations are generally inadmissible in criminal proceedings as a matter of law, and therefore could not be used in a future criminal prosecution against Mr. Wells. *See State v. Sutherland*, 94 Wash. 2d 527, 529, 617 P.2d 1010, 1011 (Wash. 1980) ("It is a long-standing rule in Washington that the results of polygraph examinations are not admissible, except by stipulation.") In addition, the Ninth Circuit has upheld a polygraph condition of supervised release precisely because the offender still retains his Fifth Amendment right against self-incrimination during the polygraph exam. *See United States v. Stoterau*, 524 F.3d 988, 1004 (9th Cir. 2008) ("If [the offender] receives a question during his polygraph exam which calls for him to provide an answer that would incriminate him in a future criminal proceeding, [he] retains the right to invoke his Fifth Amendment privilege and remain silent."); *see, also, United States v. Porter*, 2008 U.S. Dist. LEXIS 457, at *22–23 (E.D.N.Y. Jan. 3, 2008) (polygraph examination as part of a sex offender treatment program did not violate offender's Fifth Amendment privilege against self-incrimination "because he can challenge the use of any incriminating statements made during the course of the polygraph examination in any court proceeding").

To the extent Mr. Wells is contending that his Fifth Amendment right against self-incrimination is violated because revocation of his supervised release (as opposed to future criminal prosecution) can be based on his answers to or his refusal to answer questions posed during a polygraph examination, the United States Supreme Court has held that a violation of a

REPORT AND RECOMMENDATION - 3

condition of supervision does not constitute a criminal offense that would implicate the Fifth Amendment.  *See Minnesota v. Murphy*, 465 U.S. 420, 435 n. 7, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984).  "Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding.... Just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer."  *Id*. (citations omitted).

     Because Mr. Wells' anticipated refusal to answer questions is in the context of state monitoring while he participates in a work release program and not in the context of a criminal proceeding, the Fifth Amendment privilege against self-incrimination is not implicated.  *See id.; see also United States v. Johnson*, 446 F.3d 272, 279–80 (2d Cir. 2006) (the Fifth Amendment allows the revocation of supervised release of a sex offender who fails to answer questions even if they are self-incriminating); *Asherman v. Meachum*, 957 F.2d 978, 982–83 (2nd Cir. 1992) (revocation of supervised release is an administrative decision that may be made based on a refusal to answer relevant questions, so long as the state does nothing to impair the later invocation of the Fifth Amendment privilege in a criminal proceeding).

## CONCLUSION

     Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect."  *Id*.  Here, Mr. Wells was given an opportunity to amend his complaint.  However, the polygraph examination of which he complains does not give rise to a section 1983 claim for violation of his Fifth Amendment privilege against self-incrimination.

The Court recommends that Plaintiff's § 1983 action be **DISMISSED without prejudice**.  A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by Monday, **December 23, 2013.**  The matter will be ready for Court's consideration on Friday, **December 27, 2013**, and the Clerk should so note it.  Objections shall not exceed seven pages.  The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to Plaintiff and to the Honorable Robert S. Lasnik.

DATED this 2nd day of December, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5